**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

SUCHITRA TRIPATHI,

                           Plaintiff,

- against -

ASCENT PHARMACEUTICALS, INC.,

                           Defendant.

-------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

SUCHITRA TRIPATHI, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against ASCENT PHARMACEUTICALS, INC., ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. Plaintiff complaints pursuant to the discrimination and retaliation provisions of the discrimination provisions of **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000 e-2 et seq., and the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq.* ("NYSHRL"), the **Suffolk County Human Rights Law**, The Regulatory Local Laws of Suffolk County § 528-7(A)(1) ("SCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated and retaliated against, and made the victim of sexual harassment** by her employer on the basis of her gender.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated 4/11/2023, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff was and is a resident of the State of New York. She was and is a "person" and "employee" entitled to protection as defined by Title VII and the NYSHRL. Plaintiff is in a protected class with respect to Title VII and the NYSHRL.

9. Defendant is, upon information and belief, a corporation organized and existing under the laws of the State of New York, doing business in the State of New York, County of Suffolk. Defendant is an "employer" within the meaning of the statutes invoked hereunder.

## MATERIAL FACTS

10. On September 7, 2020, Plaintiff began working for Defendant as a Packaging Operator, earning $13.50/hr. Plaintiff's hourly rate was later increased to $14.00/hr.

11. In or around March 2021, Ravi Kumar ("Kumar"), a supervisor in another department, started to sexually harass Plaintiff.

12. Kumar followed Plaintiff around whenever she passed through certain areas of Defendant's building, and he would touch the front and back portions of Plaintiff's body. Specifically, on several occasions Kumar would wait for Plaintiff to go to the bathroom and exit through the hairnet area to come into close contact with her body with his body and hands. Kumar would come into close enough proximity to Plaintiff that under the guise of the limited space, Kumar was able to intentionally brush his body against her body or make physical contact with her breast, waist, and back with his hands.

13. Throughout, Plaintiff's employment Kumar obsessively observed Plaintiff's movements throughout the day to plan an opportunity to sexually harass her and go undetected by fellow colleagues. For example, passage through the hairnet area was the only way to enter and exit the GMP. In between those two areas, Kumar was able to clearly see who was coming and who was going, allowing him the opportunity to discreetly perpetuate his inappropriate acts. However, on several occasions colleagues saw both Kumar and Plaintiff in this area and Kumar would quickly switch gears as if he was casually speaking with Plaintiff.

14. Additionally, Kumar would inappropriately make physical contact with Plaintiff's body when she was going to or working alone in the packaging room by hugging her from the back, rubbing her back, then quickly exiting the room.

15. Despite Plaintiff's objections, Kumar repeatedly harassed Plaintiff through May 2021. Thereafter, Plaintiff learned of another bathroom she could use, which would allow her to avoid passing through the areas frequented by Kumar. Fearing for her safety, Plaintiff began to ask a co-worker, Nikhil Khadaka ("Khadaka"), to escort her every time she needed to go to the restroom to prevent Kumar from sexually harassing her.

16. On Saturday, May 15, 2021 at 5:58 A.M., Kumar texted Plaintiff apologizing for his behavior and expressing his frustrations with his observations of Plaintiff and Khadaka walking around the office.

17. While actively avoiding Kumar in the workplace lessened the harassment, it did not cease entirely as Kumar continued to seek out Plaintiff, and told her that he could not stop touching her when he sees her because he loses control.

18. Kumar's harassment of Plaintiff was merely emblematic of the culture toward female employees in the workplace.

19. In or about August of 2021, Charanjit Singh ("Singh"), the Director of Plaintiff's department, said publicly that that whenever there are more women working, problems occur. Plaintiff was offended by Singh's remarks.

20. On numerous occasions, Singh touched Plaintiff on her back and waist, including on one occasion when he came up behind her and touched her. Plaintiff did not give Singh permission to touch her and it was unwelcomed and offensive to her.

21. Singh did not cease the above behavior towards Plaintiff even after expressing her rejection. Specifically, Singh hugged Plaintiff tightly in the lobby outside of packaging line 4 in front of others.

22. On or about October 6, 2021, Malik Mehmood ("Mehmood"), Supervisor, publicly said that the female employees in Packaging did not have to perform hard work and therefore deserved to be paid less than the male employees in Manufacturing.

23. On October 13, 2021, Ranjith Sunkari ("Sunkari"), another of Plaintiff's supervisors, jumped at Plaintiff and made her fearful of a physical attack after she disagreed with him about a work-related matter. Plaintiff encountered Sunkari screaming at other employees

and threatening to fire them.

24. Upon information and belief, Sunkari targeted Plaintiff because of his close personal relationship with Kumar.

25. On October 15, 2021, Plaintiff informed Singh about the incident with Sunkari and was told that Human Resources ("HR") wished to speak with her on the following Monday, October 18, 2021. Plaintiff was also placed on administrative leave beginning October 18, 2021.

26. On October 20, 2021, using the opportunity presented by the incident with Sunkari, Plaintiff reported the sexual harassment which she suffered during her employment with Defendant. In response to her complaints, Plaintiff's administrative leave was continued.

27. Thereafter, Plaintiff provided HR with additional information concerning the harassment in the hopes that Defendant would take action to address the behavior.

28. However, on October 25, 2021, HR informed Plaintiff that it had determined her allegations were unfounded.

29. On or about October 27, 2021, Plaintiff attempted to return to work and realized that her key card was blocked and she was not able to access the building.

30. Nevertheless, Plaintiff received assistance and was able to access the building, she attempted to clock-in and proceed to the locker to room when Singh approached her and in state of shock, told her that she was not supposed to be in the building and asked her whether she spoke to HR. Plaintiff was confused as she assumed she was scheduled to returned to work at the end of her administrative leave.

31. Instead, Singh escorted Plaintiff to the lobby and Plaintiff exited the building through an unrestricted exit that did not require a key card.

32. On November 9, 2021, Plaintiff received notice of her termination, effective immediately.

33. **Defendant's actions and conduct were intentional and intended to harm Plaintiff**.

34. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

35. Additionally, as a result of Defendant's discriminatory treatment of Plaintiff, she has suffered pecuniary loss, severe emotional distress, and physical ailments.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

37. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendant.

## AS A *FIRST* CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

39. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

    It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.]

40. As described above, Defendant discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

41. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

42. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## AS A *SECOND* CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. <u>Title VII of the Civil Rights Act of 1964</u>, *as amended*, <u>42 U.S.C</u>. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

45. Defendant engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff because of Plaintiff's opposition to unlawful employment practices.

46. Plaintiff was retaliated against by Defendant for engaging in protected activity.

47. Following Plaintiff's complaints, Plaintiff was subjected to a hostile work environment permeated with discriminatory comments, insults, further sexual harassment, and adverse employment actions.

48. As a direct result of the acts and conduct complained of herein, Plaintiff has suffered inconvenience, special damages, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, humiliation, anger, depression, sadness, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

49. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

50. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## AS A *THIRD* CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYSHRL

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. Executive Law § 296(1)(a) provides that:

    It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

65. As described above, Defendant discriminated against Plaintiff on the basis of her sex in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sex.

66. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to

an award of monetary damages and other relief.

67. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

68. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## AS A *FOURTH* CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYSHRL

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

71. As described above, Plaintiff engaged in protected activities, including opposing and reporting Defendant BOUZY's discrimination based on Plaintiff's sex.

72. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendants took adverse actions against Plaintiff by, *inter alia*, threatening to terminate her employment [and transferring her to a less favorable location], that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

73. As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional

       distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

74. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## AS A *FIFTH* CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE SCHRL

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. The Regulatory Local Laws of Suffolk County § 528-7(A)(1) provides that

    It shall be an unlawful discriminatory practice: For an employer to refuse to hire or employ or to bar or to discharge from employment or to discriminate against any individual in promotion, compensation or in terms, conditions or privileges of employment because of such individual's group identity or status as a victim of domestic violence.

77. The Suffolk County Regulatory Local Laws §528-6 defines group identity as "[t]he actual or perceived race, color, creed, age, national origin, alienage or citizenship status, **gender**, sexual orientation, disability, marital status, or familial status of any individual, as well as the actual military status of any individual." (Emphasis added.)

78. As described above, Defendant discriminated against Plaintiff on the basis of her gender in violation of the SCHRL by, including but not limited to, subjecting him to disparate working conditions, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment. As a result of Defendant's unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other

relief.

79. As a result of Defendant's unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## AS A *SIXTH* CAUSE OF ACTION
## FOR RETALIATION UNDER THE SCHRL

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

81. The Suffolk County Regulatory Local Laws § 528-12(B) provides that it shall be an unlawful discriminatory practice for an employer "to retaliate or discriminate against any individual because he or she has opposed any practice forbidden under this article…."

82. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant's Plaintiff's gender.

83. As described above, after Plaintiff engaged in activity protected by the SCHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, terminating Plaintiff's employment, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

84. As a result of Defendant's retaliatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost

wages and benefits and other compensatory damages, and other relief.

## JURY DEMAND

85. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by **Title VII**, 42 U.S.C. § 2000e, et seq., the **New York State Human Rights Law**, New York State Executive Law, § 296 ("NYSHRL"), and the **Suffolk County Human Rights Law**, The Regulatory Local Laws of Suffolk County § 528-7(A)(1) ("SCHRL"), in that Defendant discriminated and retaliated against Plaintiff on the basis of her gender;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
April 19, 2023

                                      **PHILLIPS & ASSOCIATES,**
                                      **ATTORNEYS AT LAW, PLLC**

                                      By:   ____/s/_____
                                                Jitesh Dudani

*Attorneys for Plaintiff*
585 Stewart Ave, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901 - 2107
jdudani@tpglaws.com